[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married July 7, 1972. Both parties have resided continuously in the state for at least one year prior to the filing of the complaint and thus the court has jurisdiction. The parties have two minor children issue of the marriage, Tracy Jessica born July 11, 1980 and Jesse Everett born April 24, 1982.
The disputes in this case relate to alimony, child support, assignment of property interests and the obligations which ensue from a resolution of these disputes. Custody of the minor children is resolved simply by virtue of the fact that the parties have agreed to the award of joint custody. The court believes that the presumption created under46b-56a(b) has been satisfied. The defendant shall have physical custody. The plaintiff shall have reasonable, liberal and flexible rights of visitation.[1]
The court has considered all of the factors enumerated in46b-56, 46b-56a, 46b-81, 46b-82 and 46b-84 and finds as follows: CT Page 2086
1.) The finding of irretrievable breakdown made orally by the court is hereby confirmed.
2.) The cause of the breakdown may be attributed to the defendant who early in the marriage began to suffer from anxiety episodes at or around the time of having sexual relations with the plaintiff. While anti-anxiety drugs gave her some relief, she stopped taking them and decided she no longer wished to have sex with the plaintiff. In 1986-87 the defendant began an association with Steve Laraby which over time developed into a love relationship. Marital counseling in which each party participated was unsuccessful because the defendant was unwilling to let go of Laraby. In fact, she admitted that while in counseling, she continued to correspond with him and converse with him on the telephone. Clearly her purpose in marital counseling was insincere.
3.) The plaintiff is an administrator at Eagle Hill School in Greenwich where his annual salary is $59,000. The defendant needs to complete her public school teaching certification requirements which she can do at night over a period of two years. The cost will be $2,700. With this certificate she will be in a position to earn a starting salary of $26,000 per year. In the meantime, her annual income from nonprofessional employment is $13,000. There is no evidence of potential for annual income increases for either party.
4.) The parties jointly own the marital residence at 16 Barnum Avenue, Norwalk, which they purchased with joint funds. The value of the house is found to be $175,000 based on independent appraisal testimony. With a mortgage balance of $98,000, the equity is $77,000. The parties jointly own property in Maine having a value of $36,000. The plaintiff inherited this property from his family. In addition, the plaintiff has liquid assets of $31,000. The defendant has no liquid assets to speak of. The plaintiff has life insurance of $200,000 and enjoys group medical benefits through his employer.
Judgment may enter as follows:
A. A decree and resolution entered orally by the court is hereby confirmed.
B. Joint legal custody of the children is awarded to the parties. The defendant shall have physical custody. The plaintiff shall have reasonable, liberal and flexible rights of visitation.
C. The plaintiff shall pay to the defendant as and for unallocated alimony — child support, the sum or $475 per week until the defendant earns her public school teaching certificate or three years from the date of this judgment, whichever shall first occur. Thereafter, the plaintiff shall pay as for child support the sum of $137.50 per child per week, until each child reaches the age of eighteen years or is sooner emancipated. to the child support guidelines would be inappropriate. CT Page 2087
D. Through his employer, the plaintiff shall maintain medical insurance coverage for the minor children including major medical at levels currently in effect or better. All unreimbursed medical expenses shall be shared by the parties. The parties shall have the rights and shall be equally shared by the parties. The parties shall have the rights and shall be subject to the obligations of 56b-84(c).
E. The plaintiff shall supply the defendant with all necessary forms and shall cooperate so as to enable her to continue medical coverage through his employer for so long as it is required by law except that such coverage shall cease when and if comparable coverage becomes available to the defendant through her employment.
F. The plaintiff shall keep and maintain for the benefit of the defendant primarily, and the minor children secondarily, a policy or policies of life insurance in an unencumbered amount of $200,000 until such time as the plaintiff's obligation to pay alimony and child support is fulfilled. The plaintiff shall provide proof annually that such policies are in full force and effect.
G. The parties shall exchange Federal income tax returns annually within thirty days of filing.
H. The defendant shall have exclusive possession of the marital home until Tracy Jessica reaches the age of eighteen years or completes secondary school whichever shall first occur. This would be the earliest at which the least disruptive transition to other living facilities could be made. Additionally, this period of time will allow the parties to "ride out" the soft real estate market which presently exists and which shows very few signs of improvement. Such exclusive possession shall continue until the defendant's death, remarriage, cohabitation with an unrelated male or expiration of the above, whichever shall first occur. Upon the occurrence of the first of these events, the property shall be offered for sale at a price agreed upon by the parties, and if the parties are unable to agree on a listing price, they shall each appoint an appraiser (qualified real estate broker). If the two appraisers cannot agree, they shall appoint a third appraiser whose appraisal figure shall be final and binding upon the parties. The listings shall be reviewed by the parties every three months until the property is sold. If the parties are unable to agree on a reduced price at any three-month interval, the price shall be reduced at least 5%. Until sold the defendant shall pay the mortgage, taxes, insurance and carrying charges and shall pay for all repairs not in excess of $250 per repair. Any repair in excess of this sum shall be shared in accordance with the percentage which the parties will share in the sales proceeds of the premises. Except for emergency repairs, the parties shall consult with one another with respect to any repair calling for an expenditure in excess of $250. The defendant shall indemnify and save he plaintiff harmless from all claims relating to any obligation arising out of this property. The parties shall divide the net proceeds on the basis of 75% to the defendant and 25% to the plaintiff. CT Page 2088
I. 1). The defendant shall convey to the plaintiff her interest in the Maine property.
2). The plaintiff shall pay to the defendant the following sums:
 (i) $1,450 balance due on VISA/MASTER CARD for automobile down payment within sixty days;
 (ii) $2,700 for teaching certification payable $1,350 per year in advance
 (iii) $3,500 for a new furnace payable directly to the installer, to be completed before the next heating season.
J. Unless otherwise specified, the parties shall retain all other assets listed on their respective financial affidavits free and clear of the other's claims.
K. Each party shall be entitled to the furnishings and personal property which they presently have in their control, free and clear of any claims that they have against one another except for all furniture and furnishings now located in the marital home which are hereby awarded to the defendant.
L. Unless otherwise specified, each party shall be responsible for payment of their individual liabilities as set forth on their respective financial affidavits.
M. A contingent wage withholding against the plaintiff is hereby ordered under Public Act 89-302. The plaintiff has been advised of his rights in open court and a contingent wage withholding has been executed by the parties.
MOTTOLESE, J.
ENDNOTE